IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QRG, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-500 |
| | ) |
| NARTRON CORPORATION, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

Pending before the Court is a Motion to Dismiss by Defendant, Nartron Corporation. (Docket No. 4). The Motion is based on lack of personal jurisdiction over Defendant pursuant to Fed.R.Civ.P. 12(b)(2). For the reasons below, Defendant's Motion to Dismiss is denied.

## I. INTRODUCTION

Plaintiff, QRG, Ltd., is a British corporation with its United States offices located in Pittsburgh, Pennsylvania. Plaintiff manufactures capacitive touch sensor products. Defendant has sent letters to Plaintiff asserting that Plaintiff's products infringe on Defendant's five patents.[1] Plaintiff filed a declaratory judgment complaint seeking a ruling that its products do not infringe on any of Defendant's

---

[1] Defendant claims to be the owner of United States Letters Patent Nos. 4,731,548 ("the '548 Patent"), 4,758,735 ("the '735 Patent"), 5,796,183 ("The '183 Patent"), 4,831,279 ("the "279 Patent"), and 5,087,825 ("the '825 Patent").


five patents and, further, that the five patents are invalid and unenforceable. (Docket No. 1). Defendant, a Michigan corporation, filed a Motion to Dismiss asserting that this court lacks personal (both general and specific) jurisdiction over it. (Docket No. 4). Plaintiff has filed an Opposition thereto asserting that this court has general jurisdiction over Defendant and Defendant has filed a Brief in Reply. (Docket Nos. 12 and 16, respectively). The issue is now ripe for review.

## II. LEGAL ANALYSIS

### A. Legal Standard under Fed.R.Civ.P. 12(b)(2)

"Because federal courts are courts of limited jurisdiction, a presumption arises that they are without jurisdiction until the contrary affirmatively appears." *Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982). "The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). In other words, once a defendant raises the lack of personal jurisdiction as a defense, the burden to prove the existence of personal jurisdiction over the defendant shifts to the plaintiff. *Carteret Savings Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992). The plaintiff may not rely on the pleadings to satisfy his burden but must establish a basis for personal jurisdiction through sworn affidavits or other competent evidence. *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689 (3d Cir. 1990). For purposes of a Rule 12(b)(2) motion, the court applies the same standard for truthfulness and inferences as in a Rule 12(b)(6) motion, that is, accepting as true plaintiff's version of the facts and drawing all inferences in the

plaintiff's favor. *Elbeco Inc. v. Estrella de Plato Corp.*, 989 F.Supp. 669, 674 n.3 (E.D. Pa. 1997).

## B. Personal Jurisdiction

There are two types of personal jurisdiction a court may assert over a defendant: general jurisdiction or specific jurisdiction. *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992). A court may exercise general jurisdiction over a nonresident defendant when "that party can be called to answer any claim against [it,] regardless of whether the subject matter of the cause of action has any connection to the forum." *Id.* General jurisdiction is normally invoked when a defendant has "systematic and continuous" contacts with the forum state,[2] which include participating in a consecutive series of activities from within the forum state. *Barrett v. Catacombs Press*, 44 F. Supp.2d 717, 723 (E.D. Pa. 1999), *citing Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-16 (1984). Conversely, specific jurisdiction arises when the relationship between "the defendant, the cause of action, and the forum falls within the 'minimum contacts' framework first announced in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and later refined by the abundant progeny of that landmark case." *Mellon Bank*, 960 F.2d at 1221. Plaintiff argues here that personal jurisdiction over Defendant is supported by the "continuous and systematic contacts with Pennsylvania." Thus, Plaintiff's

---

[2] *See*, 42 Pa.Cons.Stat.Ann. § 5301(a)(2)(iii).

argument relies only on general jurisdiction.[3]  Consequently, my analysis will be limited to the same.

General jurisdiction over a corporation exists in Pennsylvania when the corporation either: (1) is incorporated in Pennsylvania or licensed as a foreign corporation in the Commonwealth, (2) consents to jurisdiction, or (3) carries on a 'continuous and systematic part of its general business' within the Commonwealth. 42 Pa.C.S. § 5301(a)(2). The only basis for this Court to exercise general jurisdiction is if Defendant maintains "continuous and systematic" contacts here because Defendant is neither incorporated nor licensed in Pennsylvania and has not consented to jurisdiction.  Thus, the issue, then, is whether Defendant conducted continuous and systematic business within Pennsylvania such that it may be subject to personal jurisdiction in Pennsylvania.

The Third Circuit has "held that the plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction." *Provident Nat. Bank v. California Federal Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987), *citing Dollar Sav. Bank v. First Sec. Bank of Utah*, 746 F.2d 208, 212 (3d Cir.1984); *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir.1982).   In assessing whether Defendant's contact in Pennsylvania is "continuous and systematic," I must examine its contacts "over a reasonable period of time," *Modern Mailers, Inc. v. Johnson & Quin, Inc.*, 844 F.Supp. 1048, 1052 (E.D.Pa.1994).  The nature and quality of

---

[3]Plaintiff does not assert specific jurisdiction, and there is no evidence to suggest the claim arose out of Defendant's activities within Pennsylvania. Therefore, I consider only whether I can exercise general jurisdiction over Defendant.

the contacts between Defendant and Pennsylvania are important factors. *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). In other words, was Defendant's contact with Pennsylvania purposeful and extensive such that it was continuous and central to Defendant's business.

Applying this general rule to the present case reveals that Defendant's Pennsylvania contacts were continuous and systematic. In this case, from 1999 through 2006, Defendant has had over three hundred contracts with the federal government to ship its products to a military facility in New Cumberland, Pennsylvania. *See,* Docket No. 12, Dec. of Richard T. Ting. The total number of products shipped to Pennsylvania since 1998 is in excess of 450,000. *Id.* The total price of the products to be delivered to Pennsylvania is in excess of 11.5 million dollars. *Id.* Specifically, in 2005, Defendant had 51 contracts with 102,096 products being delivered to Pennsylvania, which averages approximately one contract a week. *Id.* The total price for Defendant's products delivered to Pennsylvania in 2005 was approximately $3,278,088.00. *Id.* In 2004, Defendant had 49 contracts with 72,885 products being delivered to Pennsylvania, which again averages approximately one contract a week. *Id.* The total price for Defendant's products delivered to Pennsylvania in 2004 was approximately $2,346,884.00. *Id.* In 2003, Defendant had 49 contracts with 92,413 products being delivered to Pennsylvania, which averages approximately one contract a week. *Id.* The total price for Defendant's products delivered to Pennsylvania in 2003 was approximately $2,869,129.00. *Id.* In fact, the President and CEO of Defendant, Norman Rautiola,

admitted that the sales in Pennsylvania have been constant.  *See,* Docket No. 12, Depo. of Norman Rautiola, p. 102.

I find this almost weekly type of distribution of products to Pennsylvania for the past 10 years to be routine, orderly, continuous, and systematic.  Moreover, based on this evidence, I find the shipments were extensive and pervasive.  Taking this information as a whole, I find that there is continuous and systematic conduct within Pennsylvania, such that there is general personal jurisdiction over Defendant in a federal court sitting in Pennsylvania.  Consequently, Defendant's Motion to Dismiss (Docket No. 4) is denied.

## C. <u>Venue</u>

The parties do not raise the issue of venue, but I raise it *sua sponte,* since venue is not proper in this district.[4]   Where jurisdiction is not founded solely on diversity, the venue is proper "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. §1391(b).  "[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to

---

[4]A court may raise considerations of venue sua sponte.  *See, Bank Express Intern. v. Kang*, 265 F.Supp.2d 497, 507 n. 12 (E.D.Pa.2003); *Garcia v. Pugh*, 948 F.Supp. 20, 23 (E.D.Pa.1996). Often when a court raises venue, *sua sponte,* it will permit the parties to brief the issue, if necessary.  *Bank Express Intern.*, 265 F.Supp.2d at 507 n. 12.  In this case, however, there is no need for further briefing.  The parties have briefed where the contacts have occurred for purposes of personal jurisdiction.  Thus, no further information is needed to determine the proper venue in this case.

6

personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. §1391(c).

In this case, the contacts giving rise to personal jurisdiction occurred in New Cumberland, Pennsylvania.  (Docket No. 12, Answer to Interrogatory No. 1).  New Cumberland, Pennsylvania is in Cumberland County, which is not within the Western District of Pennsylvania.  28 U.S.C. §118(c). Rather, it is within the Middle District of Pennsylvania. 28 U.S.C. §118(b).  As a result, the judicial district in which a substantial part of the events occurred giving rise to the action occurred in the Middle District of Pennsylvania.  Furthermore, this district would not have general personal jurisdiction over Defendant if it were a separate state.  The judicial district having general personal jurisdiction over Defendant if it were a separate state is the Middle District of Pennsylvania.  Thus, Defendant is considered to reside, for purposes of venue, in the Middle District of Pennsylvania. 28 U.S.C. §1391(c).  Thus, the proper venue for the above captioned matter lies only in the Middle District of Pennsylvania.  28 U.S.C. §1391(b)(1) and (2).

When venue is in the wrong district or division, a district court may either dismiss the action or, if in the interests of justice, transfer it to any district or

division in which it could have been brought. *See*, 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). I find that the interests of justice are better served by transferring the action to the Middle District of Pennsylvania rather than dismissing the case.

An appropriate order will follow.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QRG, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-500 |
| | ) |
| NARTRON CORPORATION, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

And now, this **7th** day of September, 2006, after careful consideration and for the reasons set forth in the Opinion accompanying this Order, it is ordered that the Motion to Dismiss by Defendant (Docket No. 4) is denied.

it is further ordered that the within case is to be transferred to the United States District Court for the Middle District of Pennsylvania. The Clerk of Courts is directed to transfer the above captioned matter to the United States District Court for the Middle District of Pennsylvania forthwith..

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge